# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| BOLA AJIWOJU, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 04-0715-CV-W-FJG |
| CAROLYN COTTRELL and JAMES STALEY, | ) ) ) |
| Defendants. | ) |

# ORDER

Currently pending before the Court is defendants' Motion to Dismiss (Doc. # 9), plaintiff's Motion to Amend (Doc. # 17) and plaintiff's Second Request for Production of Documents (Doc. # 23).

## I. BACKGROUND

Defendants have moved to dismiss plaintiffs' Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. Plaintiff's Complaint alleges claims against Cottrell and Staley for violations of federal civil rights laws and also for breach of contract. Defendants state that with regard to Cottrell, there is no description in the Complaint of any alleged acts of discrimination. Additionally, Cottrell states that there is nothing in the Complaint which indicates that she had any responsibility to investigate plaintiff's Complaint or that she participated in any decision making process that led to plaintiff's dismissal. Likewise, defendant Staley states that the Complaint does not allege that he committed any acts of discrimination. The only allegation is that he refused to investigate plaintiff's complaint that one of plaintiff's teachers had engaged in "malpractice, prejudice and discrimination." Staley states that the Complaint does not

allege that he taught any of the classes in which plaintiff received a poor grade and does not describe any facts from which it can reasonably be inferred that Staley had any role in setting plaintiff's grades. Staley also states that there is nothing in the Complaint which would indicate that he had any responsibility to investigate plaintiff's complaints or that he participated in any decision making process that led to plaintiff's dismissal.

## II. STANDARD

"The issue on a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is not whether a plaintiff will ultimately prevail, but rather whether the plaintiff is entitled to offer evidence in support of his or her claims." Doe v. Hartz, 52 F.Supp.2d 1027, 1049 (N.D.Iowa 1999), citing, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); United States v. Aceto Agr. Chem. Corp., 872 F.2d 1373, 1376 (8th Cir. 1989). "A motion to dismiss for failure to state a claim should be granted only if it is clear that no relief could be granted under any set of facts, construing the allegations in the complaint favorably to the pleader." County of St. Charles, Missouri v. Missouri Family Health Council, 107 F.3d 682, 684 (8th Cir.), cert. denied, 522 U.S. 859 (1997)(citations omitted). "Thus, '[a] motion to dismiss should be granted as a practical matter only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" Doe 52 F.Supp.2d at 1050, citing, Frey v. City of Herculaneum, 44 F.3d 667, 671 (8th Cir. 1995)(internal quotations, ellipses and citations omitted).

## III. DISCUSSION

2

### A. Title VI

Defendants state that plaintiff's Title VI claim against them must be dismissed because individuals cannot be held personally liable under Title VI. The Court agrees. In Steel v. Alma Public School Dist., 162 F.Supp.2d 1083, 1085 (W.D.Ark. 2001), the Court stated, "[t]he Eighth Circuit has held, in the Title IX context, that school officials may not be sued in their individual capacities. . . . As Title IX and Title VI are parallel to each other and operate in the same manner, . . . this rule applies in the Title VI context." Id. at 1085 (citations omitted). Therefore, plaintiff's Title VI claims against defendants Staley and Cottrell in their individual capacities are hereby **DISMISSED**.

### B. Section 1981

Defendants state that plaintiff's Section 1981 claim should be dismissed against them individually because it does not allege any facts from which it can reasonably be inferred that they were personally involved in any discrimination against plaintiff. Defendants state that when alleging individual liability under Section 1981, the claim "must be predicated on the actor's personal involvement." Allen v. Denver Public School Board, 928 F.2d 978, 983 (10th Cir. 1991), disapproved on other grounds, Kendrick v. Penske Transp. Servs., Inc., 220 F.3d 1220 (10th Cir. 2000). Defendants argue that the Complaint does not describe any acts of discrimination on their parts, does not show they were personally involved in giving plaintiff his grades or that they even participated in any decisions which led to his dismissal.

In his response, plaintiff states that, "[t]he claim by Defendants' attorney that these Defendants did not participate in the decision to award Plaintiff failing grades is

3

not correct. These Defendants actively participated in that decision." Plaintiff states that he is suing these Defendants in their official capacity as officials of Webster University, who in concert with the teachers, decided to discriminate against Plaintiff because of his race and nationality." (Plaintiff's Response, p. 2).

The Court finds that the plaintiff has failed to assert a Section 1981 claim against the defendants in their individual capacities because he failed to allege their personal involvement in any discrimination against him. In his response, plaintiff clarifies that he is suing these individuals in their *official* capacities. Therefore, the Section 1981 claims against the defendants in their *individual* capacities is hereby **DISMISSED**.

### C. 42 U.S.C. § 1981

Defendants argue that the Complaint fails to state a claim because plaintiff has failed to allege any involvement by the State or to allege that Cottrell or Staley were public officials or were acting under color of state law. Plaintiff states in response that under Title VI he does not have to allege that defendants acted under color of state law. While this may be true under Title VI, under Section 1983 such an allegation is necessary. Accordingly, as plaintiff has failed to allege any state action on behalf of these individuals, the Section 1983 claims against Cottrell and Staley in their *individual* capacities are hereby **DISMISSED**.

### D. Fourteenth Amendment

Defendants argue that plaintiff's Fourteenth Amendment claim is duplicative of his 42 U.S.C. § 1983 claim and that courts have held that where a party brings a Fourteenth Amendment claim under § 1983, presentation of that exact claim by a direct

4

action under § 1983 is obviated. Again, defendants argue that because plaintiff has not shown any state action, his Fourteenth Amendment claim should be dismissed. Plaintiff failed to respond to this argument. Therefore, the Fourteenth Amendment claims against Cottrell and Staley in their *individual* capacities are hereby **DISMISSED**.

### E. Breach of Contract

Defendants argue that plaintiff has not alleged any facts showing the existence of a contract between plaintiff and themselves. They state that whatever contract plaintiff is referring to existed between plaintiff and the University. The Court agrees and finds that the breach of contract claims against Cottrell and Staley in their individual capacities is hereby **DISMISSED**.

### F. Motion to Amend

In response to the Motion to Dismiss, plaintiff states that if the court does not think that his Complaint is sufficient, then he requests leave to amend his Complaint to assert additional facts regarding his claims. Attached to plaintiff's response was a proposed Amended Complaint. In his proposed Amended Complaint, plaintiff names Webster University, Carolyn Cottrell, James Staley, James McGraw, Richard Sherman and Gregory Perlstein. The Amended Complaint appears to contain four counts: 1) Title VI; 2) Breach of Contract; 3) Retaliation Discharge and 4) 42 U.S.C. § 1981.

Defendants state that plaintiff should not be granted leave to file his Amended Complaint because it fails to cure any of the pleading defects of the original Complaint. Defendants state that plaintiff has failed to state any claims against Cottrell and Staley and that his Title VI and Retaliatory Discharge claims proceed upon the mistaken

5

assumption that individuals can be sued for violations of 42 U.S.C. § 2000d. The defendants also complain that the Amended Complaint does not allege that they were personally involved in any alleged acts of discrimination.

> Leave to amend under Federal Rule of Civil Procedure 15(a) shall be freely given when justice so requires. . . .There is, however, no absolute right to amend a pleading. . . . Leave should be denied where there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.

Carter v. United States, No. 04-1118, 123 Fed.Appx. 253 (8th Cir. 2005)(internal citations and quotations omitted).

After reviewing the Amended Complaint, the Court does not find that it would be futile to allow plaintiff to file an Amended Complaint. As noted previously, the issue on a motion to dismiss is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence in support of his claims. In his response to the Motion to Dismiss, he states that he is suing the defendants in their *official* capacities only, plaintiff also seeks to add Webster University as a defendant to the Complaint. In the proposed Amended Complaint which was attached to plaintiff's response, plaintiff did not specifically list 42 U.S.C. § 1983 or the Fourteenth Amendment as separate counts. Defendants also note that it is unclear whether or not plaintiff is asserting claims under these provisions. Therefore, when he files his First Amended Complaint, plaintiff shall clarify whether he is asserting separate counts for violations of these provisions. Plaintiff shall file his First Amended Complaint on or before **May 11, 2005**.

**G. Plaintiff's Second Motion for Production of Documents**

Plaintiff filed a Motion requesting production of certain documents. As plaintiff is proceeding pro se, he may be unaware that there is no need to file with the Court interrogatories or requests for production of documents. Accordingly, plaintiff's Second Motion for Production of Documents is hereby **DENIED** as **MOOT** (Doc. # 23).

### IV. CONCLUSION

Therefore, the Court will **GRANT** plaintiff's Motion for Leave to File an Amended Complaint (Doc. # 17). As noted above, plaintiff shall file his Amended Complaint on or before **May 11, 2005**. Defendants Staley and Cottrell's Motion to Dismiss is hereby **GRANTED in PART and DENIED in PART** (Doc. # 9). The individual claims against these defendants are hereby **DISMISSED** and plaintiff's Second Motion for Production of Documents is hereby **DENIED** as **MOOT** (Doc. # 23).

Date: May 2, 2005                             **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                     Fernando J. Gaitan, Jr.
                                                        United States District Judge