# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BOLA AJIWOJU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 04-715-CV-W-FJG |
| | ) |
| WEBSTER UNIVERSITY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## ORDER

On September 7, 2005, plaintiff Bola Ajiwoju filed a Stipulation of Dismissal with the Court (Doc. # 47). He also filed a copy of the parties' Settlement Agreement and a document entitled Plaintiff's Motion Responding to Defendant's Stipulation of Dismissal (Doc. # 46). On September 20, 2005, plaintiff filed a Motion asking the Court to Set Aside the Stipulation of Dismissal Pursuant to Fed.R.Civ.P. 41(a)(1)(ii) (Doc. # 48). On October 3, 2005, defendant filed a Motion asking the Court to Clarify the Status of the case (Doc. # 49) and on February 14, 2006, plaintiff filed a Second Motion asking the Court to Set Aside the Stipulation (Doc. # 51).

The Stipulation of Dismissal filed by plaintiff on September 7, 2005, states as follows: "Plaintiff Bola Ajiwoju hereby voluntary dismisses *with prejudice* the above-captioned action pursuant to Rule 41 (a)(1)(ii) of the Federal Rules of Civil Procedure, each party to bear their own costs and attorneys fees." It is signed by both parties. In plaintiff's Motion Responding to the Stipulation he first states that he has agreed with defendants to settle this case, but that the settlement is not favorable. Plaintiff then proceeds to discuss a myriad of issues that have nothing to do with this case and asks

the Court to uphold his Second Amended Complaint. In his Motion asking the Court to Set Aside the Stipulation plaintiff asks the Court to set aside the Stipulation pursuant to Fed.R.Civ.P. 60(B)(1) and 60(b)(6). He states that the settlement is not proper and justified and states that he is now requesting the defendant to refund all school fees paid by him to the University. He states that he took six classes and is entitled to recover all monies paid since the defendant refused to reinstate him into the program. He also claims that he did not properly sign the Stipulation and asks the Court to reinstate the case. Plaintiff states that it is not proper for the defendant to only pay him $2,000 and instead states that the defendant should refund all the school fees he paid which is approximately $6,500.00.

Defendant opposes plaintiff's Motion to Set Aside the Stipulation and states that the Settlement Agreement was the result of a lengthy process of settlement negotiations between the parties. Two weeks after reaching an agreement, defendant states that plaintiff changed his mind and now wants more money. Defendant states that the Court however lacks jurisdiction to rule on this motion as a voluntary stipulation is effective immediately upon filing and does not require court approval. In Gardiner v. A.H. Robins Co. Inc., 747 F.2d 1180, 1189 (8th Cir. 1984), the Court stated, "[c]aselaw concerning stipulated dismissals under Rule 41(a)(1)(ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." Additionally, defendants state that even if the Court were to consider plaintiff's Rule 60(b) motion, he has shown no reason for granting relief due to either excusable neglect or mistake.

After reviewing the pleadings and the Settlement Agreement which was signed

2

by the parties, the Court finds no basis on which to set aside the Stipulation of Dismissal. Plaintiff claims that he was confused. He states that he filed the Settlement Agreement with the Court because he thought the Court would approve the Settlement, ensure that it was fair and make sure he was willing to accept the settlement. Plaintiff also claims that he previously told defendant's attorneys that the $2,130.00 covered only the refund for the classes in which defendant gave plaintiff failing grades, but did not cover the discrimination claims, removing him from the Master's program and his other claims. However, the Settlement Agreement clearly states that plaintiff is "irrevocably and forever releasing and discharging Webster University from *all* claims including without limitation fees and costs related to the lawsuit, which plaintiff has, ever had, or now may have against Carolyn Cottrell, James Staley, Richard Sherman, Gregory Perlstein, James McGraw, Webster University and/or any of its servants, directors, officers, attorneys, agents and/or employees whether now employed or previously employed as well as subsidiaries, affiliates, successors and assigns." The release is very broad and it the language clearly states that plaintiff is settling all his claims. The Agreement does not mention that it must be approved by the Court or state that it will only be effective upon Court approval. Even if plaintiff were confused about whether the Court would approve the Agreement, this was a mistake regarding the process and not a mistake regarding the actual terms of the agreement.

In a case with very similar facts to the instant action, the Court found that the plaintiff could not rely upon Fed.R.Civ.P. 60(b) to have the Court set aside the settlement agreement. The Court noted that the parties had filed a voluntary stipulation of dismissal under Fed.R.Civ.P. 41(a)(1)(ii), which was effective without order of the

3

Court. Therefore, Rule 60(b) relief was not available because the Court did not "incorporate the agreement into the dismissal, and did not retain jurisdiction over the matter." Scher v. Ashcroft, 960 F.2d 1053 (8th Cir. 1992). The Court agrees with the analysis of the Court in Scher. In plaintiff's case, he participated in settlement negotiations with the defendant, had an opportunity to review the Settlement Agreement and the Stipulation and to ask any questions he had regarding the documents. After doing so, plaintiff then filed the documents with the Court. Thus, the Court determines that it has no jurisdiction to rule on plaintiff's Motions to Set Aside the Stipulation.

Accordingly, the Court hereby **DENIES** plaintiff's Motion Responding to the Stipulation (Doc. # 46), **DENIES** plaintiff's Motion to Set Aside the Stipulation (Doc. # 48) and **DENIES** plaintiff's Second Motion to Set Aside the Stipulation of Dismissal (Doc. # 51). All other pending motions are **DENIED** as **MOOT**.

Date: March 14, 2006      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri     Fernando J. Gaitan, Jr.
United States District Judge